**THE ESTES LAW FIRM, P.C.**
John E. Cruickshank III
Federal Bar No. 910674
716 S. Union St.
Richmond, TX 77469
Telephone: (281) 238-5400
Email: john@cruickshank.attorney

**DAX F. GARZA, P.C.**
Dax Garza
One City Centre
1021 Main Street, Ste. 1400
Houston, Texas 77002
Texas Bar No. 24030514
Telephone: (713) 522-3000
Fax: (713) 522-3001
Email: dax@daxgarzalaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| THOMAS BEATTY | § | DCKT NO. _____ |
| *Plaintiffs*, | § § § | |
| -vs- | § § | JURY TRIAL DEMANDED |
| BANDA GROUP INTERNATIONAL, LLC | § § § | |
| *Defendant.* | § | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES THOMAS BEATTY, (hereinafter "Plaintiff") by and through his attorneys John Cruickshank and Dax Garza, and files this, his Complaint against Banda Group International, LLC (hereinafter "Defendant"). In support of said Complaint, Plaintiff would show the Court as follows:

## I. SUMMARY OF THE COMPLAINT

1. Plaintiff's lawsuit arises due to Defendants' willful violations of the federal Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §201, *et seq.* for failure to pay 1.5x Plaintiff's regular rate for hours worked in excess of 40 in a workweek.

2. Plaintiff was hired as a Wind Project Safety Manager by Defendant on or about May 3, 2018 and his employment ended on or about July of 2020. At all times during the liability period, Plaintiff was regarded as exempt and was never paid more than his regular rate for any hours worked, including those in excess of 40 in a work week.

3. Despite his job title, Plaintiff's actual job duties were strictly blue collar in nature and failed to meet the requirements of any of the exempt job categories identified by the FLSA. Therefore, Plaintiff should have been properly regarded as non-exempt.

4. Furthermore, Plaintiff was routinely required by Defendant to take unpaid leaves of absence when work was slow. This practice is a violation of 29 C.F.R. § 541.602 and pursuant to 29 C.F.R. § 541.603, results in forfeiture of any exempt status of Plaintiff.

5. Plaintiff routinely worked more than 40 hours per work week and was always paid his regular rate for all hours worked even those in excess of 40 in a work week. Plaintiff never received any overtime premium for his hours worked in excess of 40 as required by the FLSA.

6. Defendant Banda Group International, LLC is an Arizona registered corporation whose headquarters is at 1799 E Queen Creek Rd., Ste. #1, Chandler, Arizona, 85286.

**II. JURISDICTION AND VENUE**

7. This Court has federal question jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because Plaintiffs have brought a claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

8. Venue is proper in this Court because Defendant is headquartered in this District.

**III.   PARTIES**

9. Plaintiff Thomas Beatty is an individual and resident of the state of Texas. Plaintiff worked for Defendants at various job sites throughout the United States and Mexico during the three years preceding this lawsuit.

10. Defendant Banda Group International, LLC is an Arizona registered corporation doing business in the state of Arizona and is headquartered at 1799 E Queen Creek Rd., Ste. #1, Chandler, Arizona, 85286. Defendant may be served via its registered agent the Clark Law Firm, PC at 63 East Main Street, Ste. 501, Mesa, Arizona 85201, or wherever it may be found.

**IV. FLSA COVERAGE**

12. At all material times, Plaintiff has been an employee within the meaning of 29 U.S.C. § 203(e) of the FLSA.

13. At all material times, the Defendant has been an employer within the meaning of 29 U.S.C. § 203(d) of the FLSA.

14. At all material times, the Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r) of the FLSA.

15. At all material times, the Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the FLSA because Defendant had employees engaged in commerce and have had, and continue to have, an annual gross business volume in excess of the statutory standard.

## V. STATEMENT OF FACTS

16. All statements are made upon information and belief.

17. On or about May 3, 2018, Plaintiff was hired by Banda Group International, LLC for a position entitled Wind Project Safety Manager. A copy of the offer letter is attached to this Complaint as Exhibit A.

18. Despite the job title, Plaintiff's job duties were purely blue collar in nature and constituted non-exempt work.

19. Plaintiff routinely worked hours in excess of 40 in a work week but was only ever paid his regular time rate and never received any overtime premiums for the hours worked in excess of 40 in a work week.

20. Plaintiff did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent. Plaintiff also did not have the authority to hire or fire other employees, nor did he have the authority to make recommendations regarding hiring and change of status that were given particular weight. Therefore, he could not have been exempt under the Executive Exemption.

21. Plaintiff's primary duty was not the performance of office or non-manual work directly related to management or general business operations of the employer or the employer's customers. Plaintiff's primary job duty also did not include the exercise of

independent judgment or discretion over matters of significance to the company. Therefore, he could not have been exempt under the Administrative Exemption.

22. Plaintiff's primary duty did not include performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction. Nor did his job duty include performance of work in a recognized field of artistic or creative endeavor. Therefore, he could not have been exempt under the Professional Exemption.

23. Plaintiff was not employed as a computer systems analyst, computer programmer, software engineer, or other similarly skilled work in the computer field. Therefore, he could not have been exempt under the Computer Employee Exemption.

24. Plaintiff was not employed in a job whose primary duty was making sales or obtaining orders or contracts for services or for the use of facilities for which a consideration would be paid. Therefore, he could not have been exempt under the Outside Sales Exemption.

25. Plaintiff was not an employee who performed office or non-manual work and was paid a total compensation in excess of statutory minimum. Therefore, he could not have been exempt under the Highly Compensated Employees Exemption.

26. Most crucially, Plaintiff was routinely required by Defendant to take Leaves Without Pay during the work week when Defendant's business was slow or the job site was not workable due to inclement weather such as snow. This often resulted in Plaintiff, despite being fully ready and available for work, only being paid for a partial work week despite

being a salaried, non-exempt employee. Examples of these unpaid leaves of absence occurring are demonstrated by a sampling of Plaintiff's paystubs attached as Exhibit B.

27. Defendant's practice of requiring Plaintiff to take Leaves Without Pay at times when he was ready and willing to work, constitutes an improper deduction from salary as defined by 29 C.F.R. § 541.603. In routinely making these improper deductions, Defendant has demonstrated that it never intended to pay Plaintiff on a salary basis. Therefore, pursuant to 29 C.F.R. § 541.603, Defendant has forfeited the exempt status for Plaintiff and for all of its other employees in the same job classification who have the same manager as Plaintiff.

### VI.  CAUSE OF ACTION
### VIOLATION OF 29 U.S.C. § 207
### Failure to Pay Overtime

28. Plaintiff incorporates herein all previously stated allegations as well as all of the attached Exhibits.

29. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), an employer must pay an employee overtime at a rate not less than one and a half (1.5) times the employee's regular rate of pay for all hours worked in excess of forty hours per week.

30. Plaintiff regularly worked in excess of forty hours per week but was only ever paid his regular rate and was not paid an overtime premium for hours worked in excess of forty hours per week during the liability period of the lawsuit.

31. None of the exemptions provided by the FLSA to the overtime obligation applied to Plaintiff.

32. Furthermore, Defendant's routine use of improper deductions from Plaintiff's wages forfeits any exempt status Plaintiff may have otherwise had.

33. Defendant's failure to pay overtime to Plaintiff, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation with the meaning of the FLSA. 29 U.S.C. § 255(a).

34. As a direct and proximate result of Defendant's willful unlawful conduct, Plaintiff has suffered, and will continue to suffer, lost wages and other damages.

### VII.  JURY DEMAND

35. Plaintiff requests a trial by jury for all issues of fact.

### VIII.  DAMAGES SOUGHT

36. Plaintiff is entitled to recover his unpaid overtime premium wages.

37. Plaintiff is entitled to an amount equal to all of his unpaid wages as liquidated damages as permitted by 29 U.S.C. § 216(b).

38. Plaintiff is entitled to recover reasonable attorneys' fees and costs as permitted by 29 U.S.C. § 216(b).

39. Such other relief as may be just and equitable.

### XIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Thomas Beatty requests that this Court enter the following relief:

a. Judgement that Defendant's conduct was willful;

b. All damages to which Plaintiff may be entitled;

c. Liquidated and multiple damages as allowed by law, including double damages under the FLSA;

d. Penalties as provided for under the FLSA including pursuant to Section 216;

e. An injunction prohibiting Defendant from further violations of the law as described above;

f. Post-judgment assignment of attorney's fees and costs;

g. Pre and post judgment interest as appropriate; and

h. Any other relief to which Plaintiff may be entitled.

Dated: June 25, 2021

Respectfully submitted,

/s/ John Cruickshank
By: John Cruickshank
john@cruickshank.attorney
Texas Bar No. 24045730
Federal Bar No. 910674
716 S. Union St.
Richmond, Texas 77469
Tel. (281) 238-5400
Fax. (281) 238-5015
(admitted pro hac vice)

Dax Garza
dax@daxgarzalaw.com
One City Centre
1021 Main Street, Ste. 1400
Houston, Texas 77002
Texas Bar No. 24030514
Tel.   (713) 522-3000
Fax    (713) 522-3001
(pro hac vice application pending)

***Attorneys for Thomas Beatty***